# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MCKINLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:15-cv-1078-JLT<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR A SECOND EXTENSION OF TIME |

On August 5, 2016, the Court granted Defendant's request for an extension of time to file a response to Plaintiff's opening brief. (Doc. 22) The Court ordered Defendant to "file a responsive brief no later than **August 26, 2016**." (*Id.* at 2, emphasis in original) However, Defendant failed to file the response. On August 30, 2016, the parties filed a stipulation for Defendant to have a further extension of time to respond to the opening brief. (Doc. 23)

The Scheduling Order permits only a single extension by the stipulation of parties (Doc. 8 at 4), which was used by Plaintiff in seeking an extension to file the opening brief (Doc. 16). In addition, Plaintiff sought a second extension of time to file the opening brief. (Docs. 18-29) Thus, this is the fourth extension sought by the parties in this action. Notably, beyond the first extension, "requests to modify [the schedule] must be made by written motion and will only be granted for good cause." (Doc. 8 at 4) Accordingly, the Court construes the stipulation of the parties to be a motion for an extension of time.

1

As explained by the Ninth Circuit, a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The deadlines are considered "firm, real and are to be taken seriously by parties and their counsel." *Shore v. Brown*, 74 Fed. R. Serv. 3d (Callaghan) 1260, 2009 U.S. Dist. LEXIS 94828 at *7 (E.D. Cal. Oct. 9, 2009).

Previously, Defendant's counsel Jeffrey Chen asserts the additional time is necessary "because of a very heavy workload, including an upcoming Ninth Circuit brief, and because of a planned vacation in August." (Doc. 21 at 1) In granting the third request for the extension of time, the Court cautioned the parties that no further extensions of time would be granted without a "showing of exceptionally good cause." (Doc. 22 at 2) Mr. Chen now asserts a further extension of time is necessary due to "a very heavy workload, and because of some missed time from work due to an illness." (Doc. 23 at 2)

The Court does not find "exceptionally good cause" has been shown for the thirty-day extension requested. Nevertheless, Plaintiff does not oppose Defendant's request for an additional extension of time. (*See* Doc. 23 at 2) Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's request for an extension of time is **GRANTED**;
2. Defendant **SHALL** file a responsive brief no later than **September 26, 2016**;
3. The parties are advised that **no further extensions of time will be approved**; and
4. If Defendant fails to file the responsive brief in compliance with this deadline ordered by the Court, the matter will be decided without any input by Defendant.

IT IS SO ORDERED.

Dated:   **September 1, 2016**         /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE