UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MCKINLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:15-cv-01078 - JLT<br><br>ORDER STRIKING DEFENDANT'S RESPONSIVE BRIEF(Doc. 25) FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

On August 5, 2016, the Court granted Defendant's request for an extension of time to file a response to Plaintiff's opening brief. (Doc. 22) The Court ordered Defendant to "file a responsive brief no later than **August 26, 2016**." (*Id.* at 2, emphasis in original) In granting the third request for the extension of time, the Court cautioned the parties that no further extensions of time would be granted without a "showing of exceptionally good cause." (*Id.*)  However, Defendant failed to file a response.

On August 30, 2016, the parties filed a stipulation for Defendant to have a further extension of time to respond to the opening brief. (Doc. 23)  The Court found Defendant failed to demonstrate exceptionally good cause for the extension. (Doc. 24 at 2) Nevertheless, because Plaintiff did not oppose the request, the Court granted an extension, and ordered Defendant to "file a responsive brief no later than **September 26, 2016**." (*Id.*, emphasis in original)

The parties were "are advised that **no further extensions of time will be approved**." (Doc. 24 at 2, emphasis in original)  This information also was placed on the Court's docket, indicating

1

Defendant's responsive brief was "due by 9/26/2016," and **"[n]o further extension of time will be approved**." (*emphasis as appears on the docket*)  Further, the Court informed the parties: "If Defendant fails to file the responsive brief in compliance with this deadline ordered by the Court, the matter will be decided without any input by Defendant." (*Id.*)   Again, Defendant disregarded the deadline ordered by the Court.  Instead, Defendant filed a responsive brief on **September 27, 2016**, at 11:49 p.m. (Doc. 25)

Significantly, courts may impose sanctions, as part of their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" or based on a failure to comply with court orders. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Although the Court declines to strike the administrative transcript—which serves as the Commissioner's answer in this matter— the Court cannot overlook Defendant's repeated disregard of the deadlines imposed in this action.  Accordingly, the merits of Plaintiff's request for judicial review of the decision denying her application for benefits will be decided without input from Defendant, and the untimely responsive brief (Doc. 25) is **STRICKEN** from the record for Defendant's failure to comply with the Court's order.

IT IS SO ORDERED.

Dated:   **October 4, 2016**                   **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE

2